## ALLEN MURPHY, ET AL., *v.* DUDLEY HAMBLETON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—353, as *Allen & Murphy v. Hambleton.*]

**Description in Mortgage.**

> Where the number of a lot mortgaged is incorrectly given in the mortgage, but the description otherwise is amply sufficient to identify the property, no one can be misled by it and it is sufficient.

**Conveyance Subject to Lien of Execution.**

> The conveyance of real estate by the owner will not destroy a lien created by an execution.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

October 13, 1880.

OPINION BY JUDGE PRYOR:

The mortgage of Fisher to the appellees passed to the latter the lot in question in pledge for the payment of the debt therein specified. The word "homestead" used in the mortgage was intended to identify the property sold. It was not the right to a homestead

that was sold, but the homestead itself, the place of residence by the grantor.

The number of the lot may have been improperly given, but the description otherwise is amply sufficient to identify the property, and no creditor or purchaser could have been misled by it. The levy and sale by the appellants under the execution created a lien subordinate to the mortgage, and the subsequent conveyance by the owner to the appellees did not destroy the lien created by the execution; nor has the execution creditor released it by any act of his, but on the contrary has shown a determined purpose to enforce it. This case being in equity, and the contest being between the mortgage lien and that created by the execution, the chancellor should have subjected the property to sale, first satisfying the mortgage claim and then the claim of the execution creditor. The subsequent conveyances by which each party claims to hold the absolute title has not defeated the prior liens, and the deed by the sheriff should be cancelled.

Judgment *reversed* and cause remanded.

*Kinchelve & Eskridge, for appellants.*

*Williams & Powers, for appellees.*